UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY SAYAGO, et al.,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.          /

CASE NO.
8:11-CV-02009-MMS-MAP

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' REPLY
BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully moves for an order striking plaintiffs' reply brief in support of their motion for class certification (DE 52), which improperly raises several new arguments to which Wells Fargo has had no opportunity to respond. Alternatively, Wells Fargo seeks permission to file a ten page sur-reply in response to the new arguments raised in plaintiffs' reply. The grounds for this motion are set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

The Local Rules of this Court ordinarily do not permit parties to file reply briefs. Plaintiffs nonetheless sought leave to file a reply brief in this case, purportedly to address specific points raised in Wells Fargo's class certification opposition brief. Specifically, plaintiffs wanted "to provide the information contained in Defendant's amended discovery responses to the Court" related to numerosity, and to address three specific "new issues": (i) Wells Fargo's argument that putative class members "might have purchased flood insurance in amounts greater than the law or their mortgage contracts

required even if [Wells Fargo] had not made them do so;" (ii) Wells Fargo's argument that "different borrowers receive slightly different disclosures at loan closing;" and (iii) Wells Fargo's "conclusions derived from portions of Plaintiffs' deposition testimony." DE 50 at 2-3. Plaintiffs argued that it would be "unfair" if these arguments went unanswered. *Id.* at 3.

The Court granted plaintiffs' motion, instructing plaintiffs to file a "single Reply" which "shall not exceed ten pages." DE 51. Plaintiffs' reply brief violates this Court's order and should be stricken.

### A.   Plaintiffs' Reply Exceeds the Permitted Length.

This Court's Order states that "[t]he single Reply shall not exceed ten pages." DE 51. Plaintiffs violated the Order by filing, along with their 10 page brief, a 33 page "trial plan" exhibit that functionally serves as additional briefing. Plaintiffs did not seek or obtain permission prior to filing their "trial plan." Plaintiffs' reply and proposed trial plan together equal 43 pages of additional briefing. The reply and exhibit should be stricken for violating the length and "singleness" restrictions in this Court's Order.

### B.   Plaintiffs' Reply Presents New Arguments, Not Reply Arguments.

Plaintiffs' reply brief also violates the Court's instruction that they make "reply" arguments. Plaintiffs devote only a paragraph to the Wells Fargo discovery responses that supposedly demonstrate numerosity. DE 52, at 3. And they merely pay lip service to the other supposed "reply" points previewed in their motion for leave. Instead, they have seized the opportunity to have the last word by radically modifying their theories of class certification, by performing an extensive (but still deficient) state law conflict analysis that they should have done in their original motion but chose for strategic

reasons not to do, and by even suggesting a change to their class definition. Just as plaintiffs believed it would be "unfair" for Wells Fargo's arguments to go unanswered, it would be equally unfair for plaintiffs to sandbag Wells Fargo as they have done by making multiple new arguments to which Wells Fargo has had no opportunity to respond.

Even those jurisdictions that permit reply briefs as a matter of course limit the arguments that can be made in them to genuine reply issues. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("arguments raised for the first time in the reply brief are not properly before a reviewing court"); S.D. Fla. L.R. 7.1(C) (providing that reply memoranda "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); *Martinez v. Weyerhaeuser Mortgage Co.*, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) (Ryskamp, J.) (striking affidavit and portion of reply memorandum raising new arguments). And as this Court has recognized, raising a new argument in a reply brief is unfair because "an opposing party effectively loses the opportunity to respond." *In re Monetary Group*, 91 B.R. 138 (M.D. Fla. 1988)). This is particularly true when, as here, plaintiffs bear the burden of proof on class certification.

Since plaintiffs raised for the first time in their reply several new arguments to which Wells Fargo has had no opportunity to respond, the Court should strike those arguments (and the "trial plan" on which they rely). Alternatively, while the 33 page "trial plan" should be stricken no matter what, Wells Fargo respectfully requests leave to file a ten page sur-reply to respond to the arguments raised in plaintiffs' reply. *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274 (M.D. Fla. 2005) (permitting sur-reply when reply brief introduced new argument for the first time). Wells Fargo is prepared to file such a sur-reply within 20 days of an order permitting it.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), undersigned counsel for Wells Fargo certifies that he has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion, but that the parties were unable to resolve their differences.

**CARLTON FIELDS, P.A.**
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Fax: (561) 659-7368


By: */s/ David B. Esau*
       Michael K. Winston (FBN 051403)
       Email: mwinston@carltonfields.com
       David B. Esau (FBN 650331)
       Email: desau@carltonfields.com

*Attorneys for Wells Fargo Bank, N.A.*


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       */s/ David B. Esau*
       David B. Esau

## SERVICE LIST

Kevin McLaughlin, Esq.
WAGNER, VAUGHN & McLAUGHLIN, P.A.
601 Bayshore Boulevard, Suite 910
Tampa, Florida 33606

Russell D. Carter, III, Esq.
CARTER WALKER, PLLC
P.O. Box 628
Cabot, AR 72023
*Counsel for Plaintiff*