IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**MARY SAYAGO; LEONARDO SAYAGO;**
**CYNTHIA LEWIS; individually and on behalf**
**Of all other similarly situated**

                                                                **PLAINTIFFS**

v.                         CASE NO.: 8:11-CV-02009-MSS-MAP

**WELLS FARGO BANK, N.A.**

                                                                **DEFENDANT**

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint on November 11, 2011 (Doc. No. 16), and Plaintiffs responded to this motion on December 5, 2011 (Doc. No. 26). Since that time, numerous courts have denied motions to dismiss similar claims against banks that wrongfully require and force-place excessive flood and hazard insurance. Plaintiffs submit the following Supplemental Authority in opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint:

1.     *Gooden v. Suntrust Mortgage, Inc.*, No. 11-cv-2595 (E.D. CA March 22, 2012). The *Gooden* plaintiff alleged that Suntrust Mortgage, Inc. wrongfully required the plaintiff to maintain flood and hazard insurance coverage in excess of both the principal balance of her loan and the replacement cost value of her home when it unilaterally increased its flood and hazard insurance requirements six years after the subject mortgage originated. The Court denied Suntrust's motion to dismiss plaintiff's breach of contract claims, Truth in Lending Act claims, and claims under two California statutes. A copy of the Court's order is attached as **Exhibit 1**.

2.     *Kunzelman v. Wells Fargo Bank, N.A.*, No. 11-cv-81373 (S.D. Fla. June 4, 2012). The *Kunzelman* plaintiffs alleged that Wells Fargo Bank, N.A. wrongfully charged borrowers the cost of kickbacks to itself for every force-placed insurance policy. The Plaintiffs' mortgage, as

quoted by the Court, contained language that is identical to that contained in the Sayagos' Fannie Mae/Freddie Mac mortgage. The Court denied Wells Fargo Bank, N.A.'s motion to dismiss the plaintiffs' Florida state law claim for breach of the implied covenant of good faith and fair dealing. The Court also denied Wells Fargo Bank, N.A.'s motion to dismiss the plaintiffs' Florida state law claim for unjust enrichment, stating that "Fed. R. Civ. P. 8(d) allows pleading in the alternative, even if the theories are inconsistent." **Exhibit 2**, pp. 11-12. The *Kunzelman* Court rejected Wells Fargo's Filed Rate Doctrine, Voluntary Payment Doctrine, and National Bank Act Preemption arguments. A copy of the Court's order is attached as **Exhibit 2**.

    3.    *Gustafson v. BAC Home Loans Servicing, LP*, No. 11-cv-915 (C.D. Cal. Apr. 12, 2012). The *Gustafson* plaintiffs alleged that Bank of America, N.A. wrongfully required plaintiffs to maintain hazard insurance in excess of the principal balance of their mortgage and force-placed insurance on their property in order to obtain a kickback from the insurance company. The plaintiffs' mortgage, as quoted by the Court, contained language that is identical to that contained in the Sayagos' Fannie Mae/Freddie Mac mortgage. The Court denied Bank of America's motion to dismiss plaintiffs' breach of contract and breach of the implied covenant of good faith and fair dealing claims on both of plaintiffs' theories of liability (excessive insurance requirements and wrongful kickbacks for force-placed insurance). The Court dismissed plaintiffs' unjust enrichment claim with leave to amend to allege facts that show that Bank of America's actions were not governed by the express terms of the mortgage agreement. The Court denied Bank of America's motion to dismiss plaintiffs' declaratory and injunctive relief claims. A copy of the Court's order is attached as **Exhibit 3**.

    4.    *McNeary-Calloway v. JPMorgan Chase Bank, N.A.*, No. 11-cv-3058 (N.D. Cal. Mar. 26, 2012). The *McNeary-Calloway* plaintiffs alleged that JPMorgan Chase Bank, N.A.

wrongfully accepts kickbacks for force-placed hazard insurance, backdates force-placed insurance policies, and force-places insurance policies that duplicate the borrowers' existing coverage. The California plaintiffs had mortgages with language that, as quoted by the Court, is identical to that contained in the Sayagos' Fannie Mae/Freddie Mac mortgage. A separate New Jersey plaintiff had a mortgage with language that, as quoted by the Court, is identical to that contained in Cynthia Lewis's FHA mortgage. The Court denied Chase's motion to dismiss plaintiffs' breach of contract and breach of the covenant of good faith and fair dealing claims, holding that the "broad discretion" contained in Fannie Mae/Freddie Mac mortgages "is not unlimited discretion" and that FHA mortgages "could be interpreted as explicitly restricting the lender's discretion in force-placing insurance." **Exhibit 4**, p. 19. The Court also denied Chase's motion to dismiss plaintiffs' unjust enrichment claim. The Court directed that plaintiffs' standalone declaratory and injunctive relief claim be dismissed, but stated that plaintiffs may seek these forms of relief under their other claims. The Court also addressed several other claims that are not related to the claims made in this case (e.g. California Unfair Competition Law, violations of the Real Estate Settlement Procedures Act, etc.). A copy of the Court's order is attached as **Exhibit 4**.

Dated: July 3, 2012                     Respectfully Submitted,

/s/ Alex Owings_____
Alexander P. Owings
Florida Bar No. 0093797
**OWINGS LAW FIRM**
1400 Brookwood Drive
Little Rock, AR 72202
Telephone: (501) 661-9999
Fax: (501) 661-8393
apowings@owingslawfirm.com

Kevin McLaughlin
Florida Bar No. 0085928

       **WAGNER, VAUGHAN & McLAUGHLIN, P.A.**
       601 Bayshore Boulevard, Suite 910
       Tampa, FL 33606
       Telephone: (813) 225-4000
       Fax: (813) 225-4010
       Kevin@Wagnerlaw.com

       -and-

       Russell D. "Davy" Carter, III (*pro hac vice*)
       **CARTER WALKER, PLLC**
       Post Office Box 628
       Cabot, AR 72023
       Telephone: (501) 605-1346
       Fax: (501) 605-1348
       dcarter@carterwalkerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing:

    Michael K. Winston
    E-mail: mwinston@carltonfields.com
    David B. Esau
    E-mail: desau@carltonfields.com
    **CARLTON FIELDS, P.A.**
    525 Okeechobee Blvd., Suite 1200
    West Palm Beach, Florida 33401

    *Attorneys for Defendant Wells Fargo Bank, N.A.*

                                              /s/ Alexander Owings_____